# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSE ANTONIO ORTIZ, #410124 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. PWG-13-1205 |
| | * | |
| KATHLEEN S. GREEN, | * | |
| SGT. JEETER, | | |
| OFFICER WATERS, | * | |
| Defendants. | | |
| | ***** | |

## MEMORANDUM

### I. Background and Procedural History

On April 23, 2013, Jose Antonio Ortiz ("Ortiz") filed a complaint[1] pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief, along with compensatory and punitive damages. He names as defendants the Warden of the Eastern Correctional Institution ("ECI"), ECI Security Sergeant Jeeter, and ECI Infirmary Security Correctional Officer Waters.

Ortiz complains in his complaint that he has been held "against his will" in the ECI infirmary since February 2013. Further, as best as this Court can discern, he states that Jeeter: (1) instructed a prison nurse in how to treat his Methicillin-Resistant Staphylococcus Aureus ("MRSA") infection; (2) provided him a completed medical refusal form, falsely signed by Plaintiff; and (3) made racial and ethnic epithets towards Plaintiff. Compl., ECF No. 1. Ortiz further complains that Waters confronted him about the volume of his praying and threatened to cite him with an infraction for praying aloud. He additionally complains that while housed in the infirmary he was never allowed

---

[1] Although Ortiz styled his complaint as a verified complaint, he failed to sign the complaint, such that it was neither verified nor properly filed. See Fed. R. Civ. P. 11(a). At the direction of this Court, see April 29, 2013 Order, ECF No. 3, Plaintiff filed a signed signature page, ECF No. 5, such

outdoor recreation, access to the law library, or the ability to purchase food from the commissary. *Id.*

Defendants have filed a motion to dismiss or, in the alternative, motion for summary judgment, ECF No. 15, which remains unopposed. *See* Loc. R. 105.2.a. All case documents have been examined. I have concluded that Defendants' motion may be determined without a hearing. *See* Loc. R. 105.6.

## II. Defendants' Factual Contentions

Defendants have presented a large amount of factual material outside the scope of the complaint. Under Fed. R. Civ. P. 12(d), if on a motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion." Fed. R. Civ. P. 12(d). It appears that Oritz has been given adequate notice of his additional filing obligations under Rule 56.[2] However, because Defendants' motion shows that they are entitled to dismissal of the complaint, I will not consider the matters outside the pleadings or the additional question of whether Defendants are entitled to summary judgment. *See id.*

## III. Failure to Exhaust

Defendants argue that Ortiz's claims are barred due to his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail,

---

that his complaint is signed, but not verified.
[2] The record shows that Ortiz was served with notice of Defendants' filing pursuant to the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). ECF No. 16. As of the signing of this Memorandum, no opposition response has been filed.

prison, or other correctional facility until such administrative remedies as are available are exhausted." The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). Administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s). *See Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).

Ortiz's claims fall under the exhaustion prerequisites of § 1997e(a), and must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003). In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the administrative remedy ("ARP") process provided by the Division of Correction. If this request is denied, the prisoner has thirty calendar days to file an appeal with the Commissioner of Correction. If an appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office. *See* Md. Code Ann., Corr. Serv. §§ 10–206, 10–210; Md. Regs. Code Title 12 § 07.01.03.

Ortiz's failure to exhaust administrative remedies is undisputed. The unopposed record shows that Ortiz had access to the ARP grievance process and regularly availed himself of it, but did not fully grieve claims regarding officer harassment and improper behavior; access to outdoor recreation, the law library, and commissary items; and his ability to engage freely in religious worship. By seemingly abandoning his complaint and not filing an opposition, Ortiz has failed to dispute the affirmative defense of failure to exhaust raised in Defendants' motion to dismiss. His claims must be dismissed.

## IV.    Defendants' Medical Record Exhibit

Ortiz's complaint concerns, in part, issues surrounding his MRSA infection. Accompanying Defendants' dispositive motion is an exhibit of a 188-page portion of Ortiz's medical record, *see* Defs.' Mem. Ex. 3, ECF No. 15-6, which Defendants state has been extracted from the over 1,000 pages of material provided to them by the private medical contractor, *see* Defs.' Mem. 4 n.6. Defendants' supporting memorandum cites to isolated portions of the record that concern his MRSA infection and deal with his wound care. *See* Defs.' Mem. 4–5.

Defendants have put into the public record a large amount of Ortiz's medical record, most of which is irrelevant to the case. Some of these records involve highly sensitive personal medical and mental health information. Defendants will not be allowed to place Ortiz's medical history out for public scrutiny when a declaration presented under Federal Rule of Evidence 803(10) would have sufficed to demonstrate that Defendants did not impede Ortiz from receiving constitutionally adequate care for his MRSA infection. While counsel intimates that the defense has pared down the admission of Ortiz's medical record to one-tenth of the records they were provided, she again is cautioned to be more careful in submitting personal information in the future. Because the medical

record has played no role in my decision, I will direct the Clerk to seal the medical record temporarily in its entirety in order to protect Ortiz's privacy. Defendants shall have thirty days to request the return of the medical records, after which time the Court will dispose of them in accordance with Loc. R. 113.3.

## V. Conclusion

As Ortiz has not fully exhausted his administrative remedies, Defendants' motion to dismiss shall be granted. The Clerk shall place ECF No. 15-6 under seal. A separate Order shall follow.

Date: 12/6/13

Paul W. Grimm
United States District Judge